NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 170645-U

NO. 4-17-0645

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 18, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| CRISTIAN A. ARANDA, | ) | No. 15CF54 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court reversed, concluding the trial court erred by telling jurors they
         could enter a guilty verdict without allegations being proven.

¶ 2         In January 2015, the State charged defendant, Cristian A. Aranda, with one count

of predatory criminal sexual assault of a child under the age of 13 (count I) (720 ILCS 5/11-

1.40(a)(1) (West 2014)) and three counts of aggravated criminal sexual abuse of a victim under

the age of 13 (counts II-IV) (720 ILCS 5/11-1.60(c)(1)(i) (West 2014)).  In April 2017, a jury

convicted defendant on all four counts.  The trial court sentenced defendant to 25 years'

imprisonment on count I (merged with count IV), to be served consecutive to two concurrent

terms of 7 years' imprisonment on counts II and III.

¶ 3         Defendant appeals, arguing the trial court (1) erred by telling jurors they could

enter a guilty verdict without allegations being proven, (2) denied defendant a fair trial by

refusing to continue the trial so his chosen counsel could appear, (3) denied defendant a fair trial by preventing defense counsel from fully cross-examining and impeaching a witness, and (4) abused its discretion in sentencing defendant to two concurrent terms of 7 years' imprisonment to be served consecutive to a term of 25 years' imprisonment. For the following reasons, we reverse the trial court's judgment.

¶ 4                                        I. BACKGROUND

¶ 5            In January 2015, the State charged defendant with (1) predatory criminal sexual assault of a victim under the age of 13 in that defendant knowingly committed an act of sexual penetration involving his finger and A.W.'s vagina (count I) (720 ILCS 5/11-1.40(a)(1) (West 2014)); (2) aggravated criminal sexual abuse of a victim under the age of 13 in that defendant knowingly committed an act of sexual conduct involving his hands and K.B.'s vagina (count II) (720 ILCS 5/11-1.60(c)(1)(i) (West 2014)); (3) aggravated criminal sexual abuse of a victim under the age of 13 in that defendant knowingly committed an act of sexual conduct involving his hands and K.B.'s buttocks (count III); and (4) aggravated criminal sexual abuse of a victim under the age of 13 in that defendant knowingly committed an act of sexual conduct involving his hands and A.W.'s vagina (count IV). Defendant was eligible for extended-term sentencing pursuant to 730 ILCS 5/5-5-3.2(b)(3)(i) (West 2014) if convicted of committing the offenses against "a person under 12 years of age at the time of the offense."

¶ 6            In April 2017, defendant's jury trial commenced, and the jury heard testimony regarding an incident at A.W.'s tenth birthday sleepover party. Defendant does not contest the sufficiency of the evidence and our resolution of this appeal does not require an extensive discussion of the evidence. Accordingly, we briefly summarize the relevant testimony for the purposes of appeal. A.W. and K.B., both 12 years old at the time of the trial, testified the

incident occurred in the basement of A.W.'s house.  A.W. testified defendant rubbed her vagina both over and under her clothes.  According to A.W., defendant's fingers touched her bare skin and "closer to the inside" of her vagina.  A.W. testified defendant pushed and bent his finger and "it really hurt."  K.B. testified she woke up to defendant putting his hand in her pants.  According to K.B., defendant touched her vagina and buttocks under her underwear.

¶ 7        Following the close of evidence, the jury received the following relevant instructions:

> "A person commits the offense of predatory criminal sexual assault of a child when he knowingly commits an act of sexual penetration when he is 17 years of age or older and the victim is under 13 years of age when the act is committed.
>
> A person commits the offense of aggravated criminal sexual abuse when he is 17 years of age or older and commits an act of sexual conduct with a victim who is under 13 years of age when the act is committed.
>
> The State has also alleged that the defendant committed the offense of aggravated criminal sexual abuse against [K.B.], as alleged in Count 2, against a person under 12 years of age at the time of the offense.
>
> ***
>
> The State has also alleged that the defendant committed the offense of aggravated criminal sexual abuse against [K.B.], as

alleged in Count 3, against a person under 12 years of age at the time of the offense.

   ***

   The State has also alleged that the defendant committed the offense of aggravated criminal sexual abuse against [A.W.], as alleged in Count 4, against a person under 12 years of age at the time of the offense."

The jury received issues instructions for counts I through IV, indicating the State must prove (1) defendant knowingly committed the acts, (2) defendant was 17 years of age or older, and (3) A.W. and K.B. were under 13 years of age when the act was committed. The jury also received issues in enhancement/extended-term factors instructions for counts II through IV, indicating the State must prove the following proposition:

   "That the defendant committed the offense of aggravated criminal sexual abuse against a person under 12 years of age at the time of the offense.

   If you find from your consideration of all the evidence that the above proposition has been proved beyond a reasonable doubt, then you should sign the verdict form finding that the allegation was proven.

   If you find from your consideration of all the evidence that the above proposition has not been proved beyond a reasonable doubt, then you should sign the verdict form finding that the allegation was not proven."

¶ 8        During deliberation, the jury asked two questions.  The first question read, "One instruction it says under 13 years of age [and] the allegation says under 12 years of age.  We just want to make sure this is correct [and] suppose[d] to be that way."  The court responded to the question in writing, stating, "The age of 13 and the age of 12 in the instructions are both correct.  Please refer to the Instructions."

¶ 9        The jury's second question read, "Can the verdict be Guilty [and] the allegation be not proven?  What would be the consequences if that decision is made?"  The State argued the trial court should respond by telling the jurors "The answer to the first part of your question is yes, the verdict can be guilty and the allegation of a child under 12 not proven."  The State noted the instructions called the "child under 12 years of age" an allegation and the jury's first note indicated confusion over the two different ages in the various instructions. Defense counsel argued the note could indicate the jurors did not believe the State proved its case beyond a reasonable doubt.  Defense counsel asked the court to instruct the jury to refer to the instructions before it.  Counsel stated, "I'm very concerned that just because the word 'allegation' is being used, and we're making some assumptions about what we think that means, that it isn't—that we're not misunderstanding them, and we might impact indirectly their own deliberations."  The court indicated its belief that the jury was asking about the allegations of a child under 12 years of age and that the court had an obligation to assist the jury on its specific question.  Defense counsel declined to concede that the jury was asking about the "child under 12 years of age" allegation and again asked the court to refer the jury to the instructions before it.

¶ 10        The State suggested the court ask the jury for clarification of its question.  However, if the court did not ask for clarification, the State argued the court should direct the jurors "to the jury instruction that answers that question."  The court concluded the parties would

not reach an agreement as to how to respond to the jury's question and the court's original proposed response would be given to the jury. That response read, "The answer to the first part of your question is yes. The verdict can be guilty and the allegation not proven. The second part of your question is the jury is not to consider the consequence of the decision. That is a matter for the Court." The jury returned guilty verdicts on all four counts. The jury also signed the verdict forms indicating it found the allegations that defendant committed the offenses against K.B. and A.W. against a person under 12 years of age was proven.

¶ 11     This appeal followed.

¶ 12                                     II. ANALYSIS

¶ 13     On appeal, defendant argues the trial court (1) erred by telling jurors they could enter a guilty verdict without allegations being proven, (2) denied defendant a fair trial by refusing to continue the trial so his chosen counsel could appear, (3) denied defendant a fair trial by preventing defense counsel from fully cross-examining and impeaching a witness, and (4) abused its discretion in sentencing defendant to two concurrent terms of 7 years' imprisonment to be served consecutive to a term of 25 years' imprisonment. The State concedes the trial court erred by instructing the jury it could enter a guilty verdict without allegations being proven. For the following reasons, we accept the State's concession, reverse the judgment of the trial court, and remand for a new trial.

¶ 14     The trial court has a duty to instruct the jury when clarification is requested, when the original instructions are incomplete, and when the jury is manifestly confused. *People v. Reid*, 136 Ill. 2d 27, 39, 554 N.E.2d 174, 179 (1990). However, a court may decline to answer a jury's question if (1) the instructions sufficiently explain the relevant law and are readily understandable, (2) further instructions would serve no useful purpose or potentially mislead the

jury, or (3) if the question involves a question of fact. *Id.* "Furthermore, if the jury's question is ambiguous and any response to the question may require 'a colloquy between the court and the jury, a further explanation of the facts, and perhaps an expression of the trial court's opinion on the evidence,' the circuit court may refuse to answer the question." *Id.* at 39-40 (quoting *People v. Tostado*, 92 Ill. App. 3d 837, 839, 416 N.E.2d 353, 355 (1981)). We review the court's decision for an abuse of discretion. *Id.*

¶ 15 Here, the second note from the jury read, "Can the verdict be Guilty [and] the allegation be not proven? What would be the consequences if that decision is made?" The State suggested referring the jury to the specific instruction that addressed the child "under 12 years of age" instruction or asking the jury to clarify its question. Defense counsel asked the court to refer the jury to the instructions before it because the State's suggestion assumed it understood precisely what the jury was asking. Instead, the trial court responded to the jury's question by stating, "The answer to the first part of your question is yes. The verdict can be guilty and the allegation not proven. The second part of your question is the jury is not to consider the consequence of the decision. That is a matter for the Court."

¶ 16 Defendant argues, and the State agrees, that the jury's question is ambiguous and the trial court's response was a misstatement of the law. We agree. The note does not indicate precisely what the jury was asking. Although the record might support an assumption that the confusion stemmed from the two different ages in the instructions, it is not clear what charges the jury referenced. Moreover, the trial court's response did not specifically address the "under 12 years of age" allegation. Instead, the court instructed the jury that "[t]he verdict can be guilty and the allegation not proven." This is a misstatement of the law because the State must prove every element of a crime beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 477

- 7 -

(2000). The court's response could have misled the jury to believe it could convict defendant of an offense even if it found the State did not prove each element beyond a reasonable doubt. Accordingly, we accept the State's concession that the trial court abused its discretion when its instruction misled the jury with an incorrect statement of the law. We reverse and remand for a new trial.

¶ 17                         III. CONCLUSION

¶ 18        For the reasons stated, we reverse the trial court's judgment and remand for a new trial.

¶ 19        Reversed and remanded.